# IN THE COURT OF APPEALS OF IOWA

No. 15-1716
Filed December 21, 2016

**DYLON MICHAEL JOSEPH WHITE,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Clinton County, Mark D. Cleve, Judge.

 Dylon White appeals the district court's denial of his postconviction relief application. **AFFIRMED.**

 Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

 Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

 Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

The State charged Dylon White with first-degree robbery and first-degree theft. White pled guilty to second-degree robbery and was sentenced to ten years in prison with "a mandatory minimum sentence . . . of 70 percent."

White filed an application for postconviction relief. The district court denied the application following an evidentiary hearing. White appealed.

White contends (1) his guilty plea was not made voluntarily and intelligently and his plea attorney was ineffective in allowing him to plead guilty and in failing to file a motion in arrest of judgment to challenge the plea, (2) his plea attorney was ineffective in failing "to communicate" with him and "conduct an adequate investigation into the facts of the case," and (3) his postconviction attorney was ineffective in "failing to have any communication with [him]," in "failing to conduct an independent examination of [his] claims," and in "failing entirely to address [his] claim of an involuntary and unintelligent plea."

To succeed on these ineffective-assistance-of-counsel claims, White must show (1) the breach of an essential duty and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). On our de novo review, we are convinced White cannot establish *Strickland* prejudice.

In the plea context, the prejudice element requires proof of "a reasonable probability that, but for counsel's errors, [the applicant] would not have pled guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). If White had gone to trial and been found guilty on the first-degree

robbery count, he faced a prison term not exceeding twenty-five years with a seventeen-and-a-half year mandatory minimum sentence. *See* Iowa Code §§ 711.2, 902.9(1)(b), 902.12(1)(3) (2013). The second-degree robbery count, in contrast, carried a prison term not exceeding ten years with a mandatory minimum sentence of seven years. *See id.* §§ 711.3, 902.9(1)(d), 902.12(1)(e). At the postconviction relief hearing, White testified he understood what was at stake when he pled guilty to second-degree robbery. He stated, "I figured ten years with a seven year mandatory is a lot better than twenty-five years with seventeen-and-a-half mandatory." In light of this testimony, there is no reasonable probability White would have insisted on going to trial but for trial counsel's errors. *See State v. Anitok*, No. 15-1234, 2016 WL 6270161, at *2 (Iowa Ct. App. Oct. 26, 2016) (concluding defendant did not establish prejudice where "he received a maximum of five years in prison and ten years of supervision" when he was facing "a sentence of up to twenty-two years in prison and mandatory lifetime supervision"). For the same reasons, we conclude White cannot establish prejudice with respect to his claim of ineffective assistance of postconviction counsel.

We affirm the district court's denial of White's application for postconviction relief.

**AFFIRMED.**